UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21812-BLOOM

ALBERONICK VALSAINT,

    Plaintiff,
v.

STATE OF FLORIDA, KATHERINE FERNANDEZ-RUNDLE,
KARL SAINT HOPE BROWN, KATHLEEN SINGER-KING,
EMILIO MONTOYA, GORDON CHARLES MURRAY, GISELA
CARDONNE ELY, STEVEN GROSSBARD, DEPARTMENT OF CHILDREN
AND FAMILIES, DEPARTMENT OF HIGHWAY SAFETY &
MOTOR VEHICLES, and FLORIDA COMMERCE,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Plaintiff Alberonick Valsaint's Complaint, ECF No. [1], Motion for Leave to proceed *in forma pauperis* ("Motion"), ECF No. [3], and Motion to Recuse, ECF No. [7]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *Id.* The Court has reviewed the Complaint, the Motion, the record, and is otherwise fully advised. For the reasons stated below, the Complaint is dismissed without prejudice.

I. BACKGROUND

Plaintiff alleges that the State of Florida, with its "collaborative government agencies and employees," denied Plaintiff the right to renew his passport for international travel and has held Plaintiff hostage in the United States for fifteen years. ECF No. [1] at ¶ 21. In addition, Defendants have denied Plaintiff the right to housing – Plaintiff alleges that the State and its associates froze Plaintiff's bank accounts, stole his money, and then kicked Plaintiff out to live on the street. *Id.* at ¶ 22. As a result, Plaintiff got sick but was denied health insurance coverage by the Department of Children and Families without any valid reason. *Id.* Plaintiff further contends that the State and its associates denied Plaintiff the opportunity to work and put "a technical blockage . . . against him," revoked Plaintiff's driver's license, tapped Plaintiff's phone line, hacked his email, withheld Plaintiff's unemployment benefits, sold Plaintiff's "personal and sensitive information to data brokers on the dark web, where they have exposed [Plaintiff] to cybercriminals," and denied Plaintiff SNAP benefits. *Id.* at ¶¶ 23-28.

Plaintiff asserts ten claims against Defendants, alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. *Id.* at 7-20. Further, Plaintiff asserts two claims for state liability under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2 against the State of Florida. *Id.* at 20-22. Plaintiff's case was initially assigned to United States Magistrate Judge Enjolique A. Lett. ECF No. [2]. Plaintiff moved for case reassignment, electing to opt out of magistrate jurisdiction. ECF Nos. [7], [8], [9], [10].

II. DISCUSSION

A. Plaintiff's Complaint

In reviewing Plaintiff's Complaint, the Court finds that Plaintiff's claims are barred by sovereign immunity. The Eleventh Amendment confirms that "the fundamental principle of sovereign immunity limits the grant of judicial authority in Art[icle] III." *Green v. Mansour*, 474

U.S. 64, 68 (1985) (quoting *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)). "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green*, 474 U.S. at 68. This immunity extends to state agencies and other arms of the state. *Cassady v. Hall*, 892 F.3d 1150, 1153 (11th Cir. 2018). Therefore, "courts should look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit. In making this assessment, courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (internal citations omitted).

Under the *Ex parte Young* doctrine, an exception to this general rule exists where a plaintiff seeks prospective equitable relief to end continuing violations of federal law. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999); *Ex Parte Young*, 209 U.S. 123 (1908). The "'general criterion for determining when a suit is in fact against the sovereign is the *effect* of the relief sought.' . . . Thus, *Ex parte Young* cannot be used to obtain an injunction requiring the payment of funds from the State's treasury, or an order for specific performance of a State's contract[.]" *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 256-57 (2011) (emphasis in original) (quoting *Pennhurst*, 465 U.S. at 107).

Here, Plaintiff names the State, which he defines as "a sub-national administrative division, a federated state, represented by Attorney General James W. Uthmeier," as a Defendant. ECF No. [1] at 2. Plaintiff asserts violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 against Uthmeier and Fernandez Rundle. *Id.* at 7-20. Further, Plaintiff asserts two claims for state liability under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2

against the State of Florida. *Id.* at 20-22. Although Plaintiff asserts his claims against Uthmeier and Fernandez Rundle, Florida is clearly "the real party in interest[.]" *Lewis*, 581 U.S. at 162. Indeed, Plaintiff challenges, for example, the denial of his passport renewal, his job status, employment benefits, and revocation of his driver's license, all of which are actions he attributes to the State. ECF No. [1]. The Court further finds that Plaintiff's claims do not fall within the *Ex parte Young* exception because Plaintiff seeks monetary relief and does not allege a continuing violation of federal law. *See Summit Med. Assocs., P.C.*, 180 F.3d at 1336. Therefore, Plaintiff's Complaint is due to be dismissed.

Nevertheless, the Court must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Throughout the Complaint, Plaintiff mentions various other state agents, such as the state attorney for Miami-Dade County, various assistant state attorneys, and state county court judges, but asserts no claims against them. *See* ECF No. [1] at 2-4. Thus, it is unclear, which, if any, of their actions he challenges. To the extent that Plaintiff seeks to assert claims against such Defendants, Plaintiff shall have one opportunity to amend his Complaint to do so. Plaintiff is cautioned that he must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see Hoffman v. Off. of State Att'y, Fourth Jud. Cir.*, 793 F. App'x 945, 950 (11th Cir. 2019) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his functions as an advocate for the government in the judicial phase of the criminal process." (internal quotation omitted)); *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) ("Judicial immunity applies when (1) the judge dealt

with the plaintiff in his judicial capacity[,] and (2) the judge did not act in the clear absence of all jurisdiction." (cleaned up)).

### B. Motion to Recuse

The Court writes briefly to address the abhorrent, racist, and inappropriate language used by Plaintiff in his Motion to Recuse, ECF No. [7]. As indicated above, Plaintiff's case was initially assigned to United States Magistrate Judge Enjolique A. Lett. In his Motion, Plaintiff writes that he does not "want a handpicked magistrate or activist magistrate who will hijack his federal civil rights as to push the corrupt and racist agenda of the Defendants." *Id.* at 2. Plaintiff further states that "[l]ow life, brainless and useless black women with destructive mindsets, teamed up with sell-out black people and other racist government employees, fabricated lies and used deceptive practices to destroy good black men[,]" and to "[m]ake sure you tell your fellow black women to get a job or get a trade instead of using fabricated lies, deceptive practices, and the rigged justice system to their advantage[.]" *Id.* at 3.

The Court is vested with the authority to "impose silence, respect, and decorum in [its] presence, and submission to their lawful mandates." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987). "Put another way, the judiciary "'must have and exercise authority and power over the control and conduct of judicial proceedings.'" *United States v. Walker*, 679 F. Supp. 3d 1328, 1331 (N.D. Fla. 2023) (quoting *In re Chaplain*, 621 F.2d 1272, 1277 (4th Cir. 1980)). One way the Court may do so is through its contempt power, which is "essential to the preservation of order in judicial proceedings." *Young*, 481 U.S. at 798. Although the Court is cognizant of Plaintiff's frustrations, the Court will not tolerate vile and nonsensical remarks toward anyone, including a dedicated public servant of this Court with an impeccable reputation. Therefore, Plaintiff is cautioned that the Court may initiate contempt proceedings should this conduct continue.

Case No. 25-cv-21812-BLOOM

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk shall **CLOSE** this case.

3. Plaintiff may file an Amended Complaint in accordance with this Court's Order, **no later than August 25, 2025**. The failure to file an Amended Complaint or show cause by August 25, 2025, will result in dismissal of this case without prejudice and without further notice.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 4, 2025.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

Alberonick Valsaint
PO Box 170931
Miami, FL 33017-0931